By the Court.

This case was pending,, before Superior Court of the Territory of Orleans, in the fifth District, when the change from a territorial to a state governent took place, in this country. Among other inconveniencies, attending the establishment of new tribunals, it was not improbable, that some of the Judges would be taken from the bar, and might consequently be called upon to decide cases, in which they had been formerly employed as counsel—to provide against that contingency; it was enacted that “ when the Judge of any District Court shall *183 ** have been consulted or employed as counsel, “ before his appointment to such office, in any “ suit, brought before him, it shall be lawful for “ either party to cause such suit to be transferred “ before the neighbouring District Court &c. ”
The Judge of the fifth District of the State being so situated, with respect to this case, application was made to have it removed, according to the above provision—he thought fit to send it before the Court of the second District; but the plaintiff alledging that this was not the “ most convenient neighbouring District ” within the meaning of the law, claimed an appeal from this order, and the Judge having refused to admit that appeal, he applies to. this Court, for a mandamus to compel him to admit it.
Against this the defendant contends principally, 1. that this Court has no right to issue . any mandamus; 2. that this is not a decision from which any appeal can lie.
I. The first ground relied upon, by the defendant—consists chiefly by in this—.-that this Court has been vested withan appellate jurifediction only, and that a mandamus, being a writ of original jurisdiction, the Court has no right to issue it in any case.
Wit h out examining whether the writ of mandamus, according to the principles of the English *184 jaw must in every case be considered ás an act ’ • - . ... of original jurisdiction (a question which is by no means very plain) and without entering into an investigation of the numerous authorities which have been quoted, on both sides, the Court is satisfied of one broad principle, which is that the conferring of a function carries With it, all the powers necessary to exercise that function,and that, therefore the constitution has not given to this Court an appellate jurisdiction, without the necessary authority to exercise that jurisdiction with effect. If this be correct reasoning, this tribunal must of course have the power to coin-pel the others to send appeals before it —for otherwise, these absurd consequences would follow, that there would be no remedy, when the Judge of an Inferior Courts refused to grant an appeal, and stay execution, in the cases provided for by law, and that this Court would haye a jurisdiction to be exercised at the pleasure of the others. The idea of Superior Court qf appeal reduced to silence ánd nullity, whenever the Inferior Court would not think fit to give it permission to act, is so ridiculous that it is deemed useless to dwell at all upon that part of the subject. x
After having recognised that the authority is vested in the Court, we are next to enquire how it is to be exercised—upon this ppint we find that the Court, far from being shackled by form, is left in general words to use its discretion, *185 “ the Supreme Court shall have power to make “‘and issue all mandates* necessary for the exer- “ cise of their jurisdiction, over the inferior “, tribunals, agreeably to the principles and max>• “ ims of law. ” One single restriction (and a very unnecessary one) is made to wit; that the mandates be issued according to the rules and maxims qf law; not indeed the rules and maxims of the common law of. England, but the rules and maxims of the law of this State; according to which a Court of appeals within the line of its jurisdiction, could issue, under the name of pro-visiones ordinarias, all mandates necessary for the better administration of justice by its inferiors, whether to direct them how to proceed, to prohibit them from proceeding contrary to law, to compel them to admit an appeal and send up the record, or such like. As for the particular order for compelling the admission of the appeal, ⅛ would not issue in every Gase where an appeal was claimed, but only in those where it was recognized that an appeal ought to be granted, accordingtolaw. '
The name of mandamus, under which this, is applied, does not alter the principle. The common law names in judicial proceedings have naturally been adopted in a practice which is carried on in the English language, but they ought to be considered rather as a translation of the names formerly used than as emanations from the En- *186 jurisprudence—the words mandamus, procedendo, certiorari, prohibition &V. sometimes employed in our practice, may be good ⅜quivalents for incitativa, evocación, inhibición, But their adoption as words can, by no rule of law, or common sense, be considered at having introduced the English practice itself. Therefore, without regard to the mere appellation, used by the appellant in this case; the Court would feel authorised to gránt her the mandate which she sollicits, if this case should be one of those in "which an appeal ought to have been'admitted according to law.
II. Up O N this point but little enquiry will be found necessary : for it has already been decided generally—that appeals to this Court can be claimed only from*final decisions and judgments, conformably to the 11th. sec. of the “ Act to orga-nise the Supreme Court and to establish Courts of inferior j urisdiction, ” and that, as to what is to be considered a final decision, each case must speak for itself. Therefore, in order to make this decision come within the purview of this general rule, it should be recognised that the order complained of is in the nature of a final decision. But it appears to this Court that far from bearing any resemblance to a final decision, this order is no decision at ail. This case was pending in one District and has been ordered to be removed to *187 another. What is the amount of that order of re-, . ⅜ ¶ moval? What are'the judicial features which can be discovered in it ? ’It has not altered the situation of the suit; for it is to be removed in statu qua. It has not decided anything, for .whatever questions it offers, remain untouched—this is a mere rule of Court, and if it really was the intention of the Legislature to give the direction of these removals to the Judge, not to the clerk as the wording of the law would seem to imply, we must say that they are acts which savour more of the ministerial, than of the judicial, functions. But in whatever light they be considered, they certainly appear to be such acts as the Court of appeals should not interfere in. Thejurisdiction oT this Court extends overall the State— wherever this case is tried, it will be in the power of the suitor, if dissatisfied with the judgment, to bring the cause before this Court; and in such case it must be sent to the District of appeal to which it originally belonged; so that no possible injury cap result to the parties.
It is, therefore, ordered that the rule be discharged.